**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION (AKRON)**

LAURA GRANDIS and GREGG GRANDIS,

        Plaintiffs,

      v.                            Case No. _____

EXACTECH, US, INC., IAN GRADISAR,
M.D., CRYSTAL CLINIC ORTHOPAEDIC
CENTER, LLC, and CRYSTAL CLINIC, INC.

        Defendants.

## <u>NOTICE OF REMOVAL</u>

       Defendant Exactech US, Inc. (hereinafter, "Exactech" or "Removing Defendant"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1146, hereby removes to this Court the action captioned *Laura Grandis, et al. v. Exactech, US, Inc., et al.*, Case No. CV-2023-02-0416, on the docket of the Court of Common Pleas of Summit County, Ohio (the "state court action").  In support of this Notice of Removal, Removing Defendant states as follows:

       1.      On February 7, 2023, Plaintiffs Laura Grandis and Gregg Grandis (collectively, "Plaintiffs") filed a Complaint in the Court of Common Pleas of Summit County, Ohio against Exactech US, Inc., Ian Gradisar, M.D., Crystal Clinic Orthopaedic Center, LLC, and Crystal Clinic, Inc. Copies of all pleadings, processes, and orders in the state-court action are attached hereto as Exhibit A. Removing Defendant denies the Plaintiffs' allegations.

       2.      As more fully set forth below, this case is properly removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Removing Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

### I.   <u>THE PARTIES</u>

       3.      Plaintiffs are citizens of the State of South Carolina. Compl., ¶ 2.

4.      Removing Defendant Exactech US, Inc. is a corporation existing under the laws of the State of Florida with its principal place of business in the Gainesville, Florida. Compl., ¶ 8.

5.      Defendant Ian Gradisar, M.D. ("Gradisar") is a citizen of the State of Ohio. Compl., ¶ 12.

6.      Defendant Crystal Clinic Orthopeaedic Center, LLC is a business entity existing under the laws of the State of Ohio with its principal place of business in Summit County, Ohio. Compl., ¶ 13. Crystal Clinic Orthopaedic Center, LLC, is a physician-owned orthopedic hospital. All of its members are citizens of the State of Ohio.

7.      Defendant Crystal Clinic, Inc. is a corporation existing under the laws of the State of Ohio with its principal place of business in Summit County, Ohio. Compl., ¶ 13.

8.      Complete diversity of citizenship exists between Plaintiffs and Defendants.

## II.  PLAINTIFFS' ALLEGATIONS

9.      This is a personal injury action relating to Plaintiff Laura Grandis's implant and use of Exactech's Truliant and Optetrak knee devices (the "Devices"). Compl., ¶ 14. Plaintiffs claim injuries related to the manufacture, sale, supply, prescription and implantation of the Devices. *See generally*, Compl.

## III. REMOVAL IS PROPER IN THIS CASE

### A.      Removal is timely and the amount in controversy exceeds $75,000.

10.      Removal is timely because Removing Defendants have removed this case within thirty (30) days of being served with the Summons and Complaint. *See infra* ¶¶ 1, 2; 28 U.S.C. § 1446(b); FED.R.CIV.P. 6.

11.      Also, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.  This case satisfies the amount in controversy requirement for removal because there is a preponderance of the evidence that Plaintiffs seek more than $75,000, exclusive of interest and costs.  *See, e.g., Gafford v. Gen'l Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) ("We conclude that the 'preponderance of the evidence' ('more likely than not') test is the best alternative."); *McIntire v. Ford Motor Co.*, 142 F. Supp. 2d 911, 915 (S.D. Ohio 2001).  This standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that plaintiff's damages are not less than the amount-in-controversy requirement."  *Gafford*, 997

F.2d at 159.  A removing defendant can meet this burden by merely showing that a fair reading of the plaintiff's complaint demonstrates that the unspecified damages sought "more likely than not" exceed $75,000.  *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (holding that "a fair reading of the . . . damages sought by Plaintiffs provided that more than $75,000 was in controversy."). The preponderance of the evidence standard is not a heavy burden.  *McCraw v. Lyons*, 863 F. Supp. 430, 435 (W.D.Ky. 1994) (finding that plaintiff's amended complaint alleging various tort claims and seeking compensatory damages, and punitive damages, but not specifying an amount of alleged damages in order to comply with state pleading rules, met amount in controversy requirement).

12.     Here, Plaintiffs' Complaint requests damages in excess of Twenty-Five Thousand Dollars ($25,000) for each of their fourteen claims. *See generally*, Compl. Read in its entirety, the Complaint establishes that Plaintiffs seek damages well in excess of Seventy-Five Thousand Dollars ($75,000). Plaintiffs allege that as a result of the allegedly defective Devices, Plaintiff Laura Grandis required multiple revision surgeries. Compl., ¶ 76. In addition to revision surgery, Plaintiffs allege that Plaintiff Laura Grandis suffered from "insomnia, anxiety and other emotional distress, and either can no longer engage in and/or is severely limited in participating in her normal daily living activities." Compl., ¶ 76. Additionally, Plaintiffs allege that Plaintiff Gregg Grandis "has suffered and will continue to suffer the loss of support, companionship, service, love, affection, society, intimate relations and other elements of consortium all to the detriment of Plaintiffs' marital relationship for which Plaintiff Gregg Grandis is entitled to compensatory and equitable damages." Compl., ¶ 354. Plaintiffs seek, "[c]ompensation for both economic and non-economic losses, including but not limited to medical expenses, loss of earnings, loss of consortium, disfigurement, pain and suffering, mental anguish, and emotional distress," and "[p]unitive and/or exemplary damages." *See* Compl., Prayer for Relief.

13.     Accordingly, although Removing Defendant reserves the right to object to the damages sought by Plaintiffs and dispute that Plaintiffs are entitled to recover any damages, based on a fair reading of the allegations in the complaint, the amount in controversy exceeds Seventy-Five Thousand Dollars

($75,000), exclusive of interest and costs. Therefore, the amount in controversy requirement is satisfied for "original jurisdiction" under 28 U.S.C. § 1332(a).

**B.      There is complete diversity among all proper parties.**

14.      The diversity of citizenship requirements of 28 U.S.C. § 1332(a) are satisfied.

15.      Complete diversity of citizenship exists between Plaintiffs and Defendants.

16.      Plaintiffs are citizens of the State of South Carolina. Compl., ¶ 2.

17.      Removing Defendant Exactech US, Inc. is a corporation existing under the laws of the State of Florida with its principal place of business in the Gainesville, Florida. Compl., ¶ 8.

18.      Defendant Ian Gradisar, M.D. ("Gradisar") is a citizen of the State of Ohio. Compl., ¶ 12.

19.      Defendant Crystal Clinic Orthopeaedic Center, LLC is a business entity existing under the laws of the State of Ohio with its principal place of business in Summit County, Ohio. Compl., ¶ 13. Crystal Clinic Orthopaedic Center, LLC, is a physician-owned orthopedic hospital. All of its members are citizens of the State of Ohio.

20.      Defendant Crystal Clinic, Inc. is a corporation existing under the laws of the State of Ohio with its principal place of business in Summit County, Ohio. Compl., ¶ 13.

21.      Accordingly, there is complete diversity among the proper parties, and removal is proper under 28 U.S.C. § 1332 (a)(1).

**C.      The presence of Ohio defendants does not preclude removal because those defendants have not been served.**

22.       Section 1441(b)(2) provides that actions premised on the Court's diversity jurisdiction "may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).

23.      As the plain language of section 1441(b)(2) requires both proper joinder and service, Removing Defendant is not precluded from removing this case under 28 U.S.C. § 1441(b) because, upon information and belief, Gradisar, Crystal Clinic Orthopaedic Center, LLC, and Crystal Clinic, Inc. – the only defendants deemed to be citizens of Ohio -- have not been served. *See, e.g.*, *McCall v. Scott*, 239 F.3d

808, 813 (6th Cir.), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001) ("Where there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)(2).") (emphasis in original).

       **D.     Venue and other requirements are satisfied.**

      1.     The Eastern Division of the United States District Court of the Northern District of Ohio includes the county in which the state court action is now pending.  Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(a).

      2.     Pursuant to 28 U.S.C. § 1446(d), Removing Defendants are filing a written notice of this removal with the Clerk of the Court of Common Pleas, Summit County, Ohio.  This Notice of Removal and the Notice of Filing Notice of Removal are being served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

      3.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Removing Defendant in the state court action are attached as Exhibit A.

      WHEREFORE, Removing Defendant Exactech, US, Inc. respectfully removes the state court action captioned *Laura Grandis, et al. v. Exactech, US, Inc., et al.*, Case No. CV-2023-02-0416, from the Court of Common Pleas of Summit County, Ohio to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

                     Respectfully submitted,

                     */s/ Ryan C. Edwards*
                     Ryan C. Edwards (0075415)
                     TAFT STETTINIUS & HOLLISTER, LLP
                     425 Walnut Street, Suite 1800
                     Cincinnati, Ohio 45202
                     P: (513) 381-2838
                     F: (513) 381-0205
                     edwardsr@taftlaw.com

/s/ Mira Aftim
Mira Aftim (0097754)
TAFT STETTINIUS & HOLLISTER, LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114
P: (216) 706-3864
F: (216) 241-3707
maftim@taftlaw.com

*Counsel for the Defendant Exactech US, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 10, 2023, I filed the foregoing Notice of Removal via the Court's

CM/ECF electronic filing system, which will give notice to all parties and their counsel of record.

I also served a copy of the foregoing via regular U.S. Mail upon:

Thomas J. Connick (0070527)
SCHNEIDER, SMELTZ, SPIETH,
BELL LLP
1375 East Ninth Street, Suite 900
Cleveland OH 44114
PH: 216-696-4200
tconnick@sssb-law.com

*Attorney for Plaintiffs*

Ian Gradisar, M.D.
3975 Embassy Parkway
Akron, Ohio 44333

*Co-Defendant*

Crystal Clinic Orthopaedic
Center, Llc
3975 Embassy Parkway
Akron, Ohio 44333

*Co-Defendant*

- 6 -

Crystal Clinic, Inc.
c/o Ronald Suntken, Statutory Agent
3975 Embassy Parkway
Akron, Ohio 44333

*Co-Defendant*

/s/ Ryan C. Edwards
*Counsel for the Defendant Exactech US, Inc.*