IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AKRON)

LAURA GRANDIS and GREGG GRANDIS,

    Plaintiffs,

    v.                                    Case No. 5:23-cv-00274-SL

EXACTECH, US, INC., IAN GRADISAR,
M.D., CRYSTAL CLINIC ORTHOPAEDIC
CENTER, LLC, and CRYSTAL CLINIC, INC.

    Defendants.

## MOTION TO STAY PROCEEDINGS
## PENDING TRANSFER TO MULTIDISTRICT LITIGATION

For the reasons set forth in the accompanying Memorandum of Law, Defendant Exactech, US, Inc. hereby moves this Court to enter an Order staying all pretrial activity in this case pending transfer of this case by the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, to *In Re: Exactech Polyethylene Orthopedic Products Liability Litigation*, MDL No. 3044, pending before the Honorable Nicholas Garaufis in the United States District Court for the Eastern District of New York.

Dated: February 10, 2023.                Respectfully submitted,

                                                */s/ Ryan C. Edwards*
                                                Ryan C. Edwards (0075415)
                                                TAFT STETTINIUS & HOLLISTER, LLP
                                                425 Walnut Street, Suite 1800
                                                Cincinnati, Ohio 45202
                                                P: (513) 381-2838
                                                F: (513) 381-0205
                                                edwardsr@taftlaw.com

*/s/ Mira Aftim*
Mira Aftim (0097754)
TAFT STETTINIUS & HOLLISTER, LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114
P: (216) 706-3864
F: (216) 241-3707
maftim@taftlaw.com

*Counsel for Defendant Exactech US, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on February 10, 2023, I filed the foregoing Motion to Stay Proceedings and Pending Transfer to Multidistrict Litigation via the Court's CM/ECF electronic filing system, which will give notice to all parties and their counsel of record.

> Thomas J. Connick (0070527)
> SCHNEIDER, SMELTZ, SPIETH, BELL LLP
> 1375 East Ninth Street, Suite 900
> Cleveland OH 44114
> PH: 216-696-4200
> tconnick@sssb-law.com
> *Attorney for Plaintiffs*

I also served a copy via regular U.S. mail upon:

> Ian Gradisar, M.D.
> 3975 Embassy Parkway
> Akron, Ohio 44333
> *Co-Defendant*
>
> Crystal Clinic Orthopaedic Center, LLC
> 3975 Embassy Parkway
> Akron, Ohio 44333
> *Co-Defendant*
>
> Crystal Clinic, Inc.
> c/o Ronald Suntken, Statutory Agent
> 3975 Embassy Parkway
> Akron, Ohio 44333
> *Co-Defendant*

*/s/ Ryan C. Edwards*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AKRON)**

LAURA GRANDIS and GREGG GRANDIS,

    Plaintiffs,

    v.                      Case No. 5:23-cv-00274-SL

EXACTECH, US, INC., IAN GRADISAR,
M.D., CRYSTAL CLINIC ORTHOPAEDIC
CENTER, LLC, and CRYSTAL CLINIC, INC.

    Defendants.

**MEMORANDUM IN SUPPORT OF EXACTECH'S MOTION TO STAY
PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION**

Defendant Exactech, US, Inc. (hereinafter, "Exactech"), respectfully moves this Court, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, to stay all proceedings pending transfer of this action to Judge Nicholas Garaufis in the Eastern District of New York as part of multidistrict proceedings styled In Re: Exactech Polyethylene Orthopedic Products Liability Litigation, MDL No. 3044 ("MDL-3044"). In support of its Motion, Exactech states the following:

## I. BACKGROUND

### a. Exactech Polyethylene Orthopedic Products MDL (MDL-3044)

On October 7, 2022, the JPML created MDL-3044 and began transferring cases involving Exactech hip, knee, and ankle medical device implants to Judge Nicholas Garaufis in the United States District Court for the Eastern District of New York (the "Transferee Court") for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In Re: Exactech Polyethylene Orthopedic Products Liability Litigation*, (J.P.M.L. 2022) [Dkt. 115] attached as Exhibit A. In the Transfer Order, the JPML concluded that:

4

> [C]entralization of these actions in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. This litigation concerns two events concerning polyethylene components of Exactech medical devices. On June 28, 2021, Exactech issued a product safety alert regarding the clinical performance of the polyethylene liner used in its Connexion GXL hip systems. On August 31, 2021, Exactech initiated a recall related to polyethylene inserts used in its knee and ankle devices because such devices were packaged in out-of-specification vacuum bags that are oxygen resistant but do not contain a secondary oxygen barrier of ethylene vinyl alcohol. In August 2022, Exactech expanded its June 2021 recall to include additional Connexion GXL hip liners and other polyethylene liners.

*Id.* at 2-3.

There is currently a process in place for transferring Exactech hip, knee, and ankle product liability actions to Judge Garaufis's court. Counsel for the parties, or in some instances the federal district courts themselves, will submit notices of potential tag-along actions to the JPML, notifying the Panel of recently filed actions. The JPML then issues conditional transfer orders transferring the actions.

### b. The Present Action

On February 7, 2023, Plaintiffs Laura Grandis and Gregg Grandis commenced this action in the Court of Common Pleas for Summit County, Ohio. The Complaint names Exactech, US, Inc., as well as Ian Gradisar, M.D., Crystal Clinic Orthopaedic Center, LLC, and Crystal Clinic, Inc. As of the date of this memorandum, none of the Defendants have been served. On February 10, 2023, Exactech timely removed this matter to federal court.

There can be no serious dispute that this action falls within the scope of the JPML's Transfer Order of October 7, 2022, thus warranting coordinated pretrial proceedings in the Eastern District of New York. Specifically, this case, like the other Exactech knee implant product liability actions already consolidated in MDL-3044, focuses on the alleged health risks associated with the Truliant Total Knee System and the Optetrak Comprehensive Total Knee System, and whether

5

76330322v1

Exactech knew of the alleged risks but failed to disclose them to the medical community. *See In Re: Exactech Polyethylene Orthopedic Products Liability Litigation*, (J.P.M.L. 2022) [Dkt. 115] ("Plaintiffs in the actions before us allege that their knee or hip replacement devices (Optetrak and Truliant, and Connexion GXL, respectively) failed prematurely because of degradation of the device's polyethylene component.").

Following the removal of this matter to this Court, Exactech intends to file a Notice of Potential Tag-Along Action with the JPML, requesting a conditional transfer order transferring this action to the Transferee Court. Exactech anticipates that the Transferee Court will accept the transfer of this action to Judge Garaufis's docket promptly.

## II. ARGUMENT

### a. A Motion to Remand is Not an Obstacle to the Requested Stay of Proceedings

While Plaintiffs may file a Motion to Remand here in the Northern District of Ohio, this Court can and should grant Exactech's Motion to Stay pending transfer to the MDL even in the presence of a subsequent Motion to Remand. Plaintiffs are, of course, entitled to raise the issue of federal subject matter jurisdiction, along with other pretrial issues, in the MDL proceedings. The prevailing rule is that courts should stay proceedings where it is in the interest of judicial economy to do so, even where the plaintiff has filed a motion to remand. *See Garza v. Organon USA, Inc.*, No. C 13–04988 RS, 2013 WL 6443433, at *2 (N.D. Cal. Dec. 9, 2013) (granting motion to stay pending transfer to multidistrict litigation, rejecting plaintiff's request that the court reach issue of subject matter jurisdiction first, and collecting other rulings that arrived at the same conclusion).

Moreover, while plaintiffs often argue that a motion to remand precludes a stay, the overwhelming jurisprudence is to the contrary. *See Rizk v. DePuy Orthopaedics, Inc.,* No. CIV.A. 11-2272, 2011 WL 4965498, at *3 (E.D. La. Oct. 19, 2011) (granting the defendants' motion to

76330322v1

stay and deferring ruling on the plaintiff's motion to remand); *Freitas v. McKesson Corp.*, No. C 11-05967 JW, 2012 WL 161211, at *2 (N.D. Cal. Jan. 10, 2012) ("Plaintiffs' contention that the Court should not address the Motion to Stay without first deciding their Motion to Remand is misguided."); F*reisthler v. DePuy Orthopaedics, Inc.*, No. CV 11–6580 DSF (FFMx), 2011 WL 4469532, at *2 (C.D. Cal. Sept. 21, 2011) ("Often, deference to the MDL court for resolution of a motion to remand provides an opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.") (quoting *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004)).

Finally, a stay is particularly called for where the subject case presents complex, recurring issues, including issues of subject matter jurisdiction. The *Davis* court recognized this, where it found that allowing the MDL court to resolve the complex issue of federal preemption and its impact on jurisdiction would "be efficient and avoid the possibility of conflicting decisions." *Davis v. Biomet Orthopedics, LLC*, No. CIV. 12-3738-JKB, 2013 WL 682906, at *2 (D. Md. Feb. 22, 2013).

These authorities establish that a motion to remand presents no impediment to a stay pending MDL transfer. The JPML and numerous courts have so held. The judicial system and all parties involved will benefit from the efficient and consistent resolution of these complex and recurring issues in the MDL court.

b. **Judicial Economy Mandates a Stay**

Granting a stay of proceedings here will promote judicial economy because this is one of several cases involving Exactech Optetrak and Truliant devices already in the MDL, and because it presents recurring pretrial issues that should be deferred to the MDL judge. The authority of a federal court to stay proceedings is well-established. *Landis v. North American Co.*, 299 U.S. 248,

254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The Supreme Court has identified four factors for the Court to consider when evaluating a motion to stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 775–76, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *see also Michigan Coalition of Radioactive Material Users, Inc. v. Greipentrog*, 945 F.2d 150, 153 (6th Cir.1991); *Cvijetinovic v. Eberlin*, No. 04CV2555, 2008 WL 2357638, at *1 (N.D. Ohio June 5, 2008).

In staying cases such as this one, district courts recognize that it is a poor use of judicial resources to familiarize themselves with the intricacies of cases that will be coordinated for pretrial management before a transferee judge. *Scott v. Bayer Corp.*, No. 03–2888, 2004 WL 63978, at *1 (E.D. La. Jan. 12, 2004) ("It is advisable [] for a district court to defer the resolution of certain pretrial matters until the Panel renders a decision with regard to whether a case should be transferred to the MDL court."). As one district court stated in granting a motion to stay, "If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted." *U.S Bank v. Royal Indem. Co.*, No. Civ. A. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002).

Here, it would be a waste of resources to proceed with this case in this district. To begin with, respectfully, any pretrial management efforts put forth by this Court will be overtaken by Judge Garaufis's pretrial orders once the case is transferred. Similarly, any effort put forth by the parties in these proceedings such as discovery or motion practice will be redundant to coordinated

76330322v1

proceedings in the MDL. The cases involve similar knee implant products, and although each case presents plaintiff-specific issues, the benefits of coordinated pretrial proceedings would quickly diminish if cases are not all included. This case will soon join the others in the Eastern District of New York, and this Court should not expend resources in the meantime.

### c. Exactech will be Prejudiced Absent a Stay

The prejudice to Exactech absent a stay far outweighs any minimal prejudice to Plaintiffs if a stay is granted. *C.A. by Allen v. Pfizer, Inc.*, No. C13-4087 SBA, 2013 WL 6091766, at *2 (N.D. Cal. Nov. 19, 2013) ("Defendants may suffer hardship and inequity if a stay is not imposed. If this Court prematurely adjudicates Plaintiffs' motion to remand, Defendants may be forced to re-litigate issues before the MDL Panel or in state court. Finally, there is no evidence that Plaintiffs will be unduly prejudiced or inconvenienced by a stay."); *Scott*, 2004 WL 63978, at *1 (granting defendant's motion for stay pending transfer ruling, and finding that the plaintiff would not be unduly prejudiced if the case was stayed, even though a motion to remand was pending). There are currently many other cases involving Exactech hip, knee, and ankle product liability actions coordinated in MDL-3044. If individual district courts allowed cases to proceed in the short window of time between the filing or removal of a case and its ultimate transfer to the MDL, Exactech would be forced to re-argue the same issues in numerous courts and would be denied the full benefit of the highly organized process already underway in the MDL proceeding.

By comparison, the potential prejudice to Plaintiffs if the action is stayed is virtually nonexistent. Plaintiffs have expended limited resources to date; this action is still in its infancy; and discovery has not yet begun. Whatever limited proceedings could take place in the next several weeks will be wholly subsumed and superseded by the MDL in any event. Thus, Plaintiffs will not suffer prejudice as a result of a stay. *See Scott*, 2004 WL 63978, at *1 ("The Plaintiff will not be

76330322v1

unduly prejudiced if proceedings in this Court, including hearing of the Plaintiff's Motion to Remand, are stayed pending a decision by the panel as to the transferability of this case.").

### III.  CONCLUSION

For the foregoing reasons, Exactech respectfully requests that this Court stay all proceedings in this case pending its transfer to MDL No. 3044.

Dated: February 10, 2023.                    Respectfully submitted,

>   */s/ Ryan C. Edwards*
>   Ryan C. Edwards (0075415)
>   TAFT STETTINIUS & HOLLISTER, LLP
>   425 Walnut Street, Suite 1800
>   Cincinnati, Ohio 45202
>   P: (513) 381-2838
>   F: (513) 381-0205
>   edwardsr@taftlaw.com
>
>   */s/ Mira Aftim*
>   Mira Aftim (0097754)
>   TAFT STETTINIUS & HOLLISTER, LLP
>   200 Public Square, Suite 3500
>   Cleveland, Ohio 44114
>   P: (216) 706-3864
>   F: (216) 241-3707
>   maftim@taftlaw.com
>
>   *Counsel for Defendant Exactech US, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on February 10, 2023, I filed the foregoing Memorandum in Support of Exactech's Motion to Stay Proceedings Pending Transfer to Multidistrict Litigation via the Court's CM/ECF electronic filing system, which will give notice to all parties and their counsel of record.

> Thomas J. Connick (0070527)
> SCHNEIDER, SMELTZ, SPIETH, BELL LLP
> 1375 East Ninth Street, Suite 900
> Cleveland OH 44114
> PH: 216-696-4200
> tconnick@sssb-law.com
> *Attorney for Plaintiffs*

I also served a copy via regular U.S. mail upon:

> Ian Gradisar, M.D.
> 3975 Embassy Parkway
> Akron, Ohio 44333
> *Co-Defendant*
>
> Crystal Clinic Orthopaedic Center, LLLC
> 3975 Embassy Parkway
> Akron, Ohio 44333
> *Co-Defendant*
>
> Crystal Clinic, Inc.
> c/o Ronald Suntken, Statutory Agent
> 3975 Embassy Parkway
> Akron, Ohio 44333
> *Co-Defendant*

*/s/ Ryan C. Edwards*
