

A TRUE COPY ATTEST
Date: 6/12/2023
BRENNA B. MAHONEY, CLERK OF COURT
By: *Tiffeny Lee-Harris*, Deputy Clerk

Clerk's Office
Filed Date: 6/12/2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC
PRODUCTS LIABILITY LITIGATION     MDL No. 3044

## TRANSFER ORDER

**Before the Panel:** Plaintiffs in the Northern District of Ohio action (*Grandis*) listed on the attached Schedule A move under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the action to MDL No. 3044. Defendant Exactech, US, Inc., opposes the motion.

After considering the arguments of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 3044, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Eastern District of New York was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations concerning the design, manufacture, testing, marketing, packaging, and performance of the polyethylene components of certain Exactech devices. Plaintiffs allege that oxidation of the polyethylene used in the Exactech hip, knee, and ankle devices (sold under the names Connexion GXL, Optetrak and Truliant, and Vantage, respectively)) causes inflammatory responses when implanted, generates polyethylene debris, crack, and loosen the device, all of which in turn requires revision surgery. *See In re: Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, ___ F. Supp. 3d ___ (J.P.M.L., Oct. 7, 2022). *Grandis* falls within the MDL's ambit because plaintiffs' claims arise from multiple knee replacement surgeries in which Ms. Grandis received Exactech knee replacement devices (specifically Optetrak and Truliant devices).

Plaintiffs oppose transfer, in part, based on their contention that federal court jurisdiction is lacking over *Grandis*. We consistently have held that "jurisdictional objections, including objections to removal, are not relevant to transfer," even where "plaintiffs assert that the removals were patently improper." *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).[1] Plaintiffs can present their remand arguments to the transferee court.

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a

(continued)

Plaintiffs further argue that transfer is not needed because their medical malpractice and other claims against the "primary defendants" (implanting surgeon Dr. Ian Gradisar and his practice Crystal Clinic) present unique factual and legal issues and that transfer will inconvenience the non-Exactech parties and the putative class members. But the presence of unique legal theories is not a bar to Section 1407 transfer. *See In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014) ("the presence of additional facts or differing legal theories is not significant where, as here, the actions still arise from a common factual core."). Product liability cases, especially medical device cases, usually involve some plaintiff-specific factual issues, and Section 1407 does not require a complete identity of factual issues. *See, e.g., In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010). Moreover, "MDLs involving medical devices often include similar [medical negligence] claims against healthcare defendants." *In re Boston Scientific Corp. Pelvic Repair System Prods. Liab. Litig.*, MDL No. 2326, Transfer Order, ECF No. 1627 (J.P.M.L. Aug. 5, 2016) (quoting *In re Bard IVC Filters Prods. Liab. Litig.*, MDL No. 2641, Transfer Order, ECF No. 230, at p. 2 (J.P.M.L. Feb. 4, 2016)).

Finally, plaintiffs' allegations against the defendants are somewhat intertwined, which weighs in favor of transfer. Plaintiffs notably allege that Dr. Gardisar and other Crystal Clinic physicians had financial ties and consulting relationships with Exactech. Whether the Exactech implants were defective also may be at issue in certain claims against Dr. Gardisar and Crystal Clinic because plaintiffs allege that defendants knew or should have known that the Exactech devices implanted in plaintiffs were defective.

IT IS THEREFORE ORDERED that this action is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Nicholas G. Garaufis for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

---

remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

| | |
|---|---|
| **IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION** | MDL No. 3044 |

## SCHEDULE A

<u>Northern District of Ohio</u>

GRANDIS, ET AL. v. EXACTECH, US, INC., ET AL., C.A. No. 5:23-00274